UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID SCHROEDER, *et al.*,

    Plaintiffs,

v.

Case No. 25-cv-398-pp

WAYNE TRANSPORTS, INC.,
TRUE NORTH CONSULTANTS, INC.,
MARK FRYMAN, and SAM'S WELL DRILLING,

    Defendants,

---

**ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 36)**

---

    On March 18, 2025, the plaintiffs filed a complaint, alleging environmental damage resulting from an accident where a tanker truck overturned and leaked ethanol into the soil and groundwater near the plaintiffs' properties. Dkt. No. 1. The plaintiffs filed a motion for judgment on the pleadings against defendant Wayne Transports, arguing that Wayne Transports had made an admission of liability in the crossclaim it filed against True North Consultants. Dkt. No. 36. Wayne Transports opposes the motion and has filed an amended crossclaim. Dkt. Nos. 40, 41, 42. The court will deny the plaintiffs' motion for judgment on the pleadings because it is premature.

**I.    Background**

    The complaint alleges that on May 11, 2022, a tanker truck owned and operated by defendant Wayne Transports, Inc. overturned near Beaver Dam,

1

Wisconsin, resulting in "a substantial amount of its ethanol load" leaking into the soil and groundwater in the area. Dkt. No. 1 at ¶¶1–2. The plaintiffs allege that the leak contaminated the potable well water supply of several homes and at least one farm and greenhouse in the area. Id. at ¶4. The plaintiffs allege that Wayne Transports hired defendants True North Consultants and Mark Fryman to assess the environmental impact of the ethanol release. Id. at ¶6. According to the plaintiffs, True North and Fryman's proposed solutions were insufficient to address the soil and groundwater contamination resulting from the accident. Id. at ¶7. They also allege that True North and Fryman failed to manage the installation of new potable wells, resulting in further contamination to the plaintiffs' properties. Id. at ¶8. The complaint raises claims under the Resource Conservation and Recovery Act, as well as state law claims of professional negligence, nuisance and trespass. Id. at ¶9.

The plaintiffs filed the complaint on March 18, 2025. Dkt. No. 1. Wayne Transports appeared and answered the complaint. Dkt. No. 16. Defendants Mark Fryman and True North Consultants filed an answer to the complaint and a crossclaim for indemnification against Sam's Well Drilling and Wayne Transports. Dkt. No. 22. Relevant here, on June 10, 2025, Wayne Transports filed an answer to Fryman and True North's crossclaim and its own crossclaim against True North. Dkt. No. 29.

As mentioned above, on July 1, 2025, the plaintiffs filed a motion for judgment on the pleadings against Wayne Transports. Dkt. No. 36. The plaintiffs argue that Wayne Transports admitted liability in its crossclaim

against True North. Id. at ¶2. They contend that by incorporating "each and every allegation of the Plaintiff's Complaint" into its crossclaim, Wayne Transports conceded that the factual allegations were true and admitted that it was liable for the alleged conduct. Id. at ¶¶8–10. On July 16, 2025, Wayne Transports filed an amended crossclaim, dkt. no. 40, a response to the plaintiffs' motion, dkt. no. 41, and a brief in opposition to the plaintiffs' motion, dkt. no. 42. The plaintiffs did not file a reply brief.

Wayne Transports' "response" to the plaintiffs' motion is structured in paragraphs and responds to each paragraph of the plaintiffs' motion, as would an answer to a complaint. See Dkt. No. 41. This court's Local Rules do not contemplate such a "response" to a motion; the rules contemplate that a party opposing a motion will file a memorandum or brief in opposition. See Civil Local Rule 7(b) (E.D. Wis.) (describing the non-moving party's response to a motion). The court advises the parties to review this court's Local Rules before filing documents; the court expects parties practicing in this district to comply with the Local Rules.

## II. Analysis

The court need not address the arguments the parties made in the motion for judgment on the pleadings because the motion is procedurally flawed. Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Unless the court orders a reply to an answer or third-party answer, the pleadings close after the last of the following

3

pleadings in the case has been filed: answer, reply to a counterclaim, answer to a crossclaim, and third-party answer." Parker v. Parker, Case No. 22 CV 615, 2023 WL 6976900, at *4 (N.D. Ill. Oct. 23, 2023) (quoting Shield Techs. Corp. v. Paradigm Positioning, LLC, 908 F. Supp. 2d 914, 916 (N.D. Ill. 2012)); see also Flora v. Home Federal Sav. and Loan Ass'n, 685 F.2d 209, 211 n.4 (7th Cir. 1982) ("In a case such as this when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply."). A motion for judgment on the pleadings is premature if the movant files it after the filing of a crossclaim but before the filing of an answer to that crossclaim. See id. (denying plaintiff's motion for judgment on the pleadings as premature as it was filed before the answer to the defendant's counterclaim).

Wayne Transports filed its crossclaim against True North on June 10, 2025. True North's answer to the crossclaim was due twenty-one days later—on July 1, 2025. The plaintiffs filed their motion for judgment on the pleadings on July 1, 2025, before True North had filed its answer to the crossclaim. The motion was premature because the plaintiffs filed it before the pleadings were closed.

Even if the motion for judgment on the pleadings had not been prematurely filed, the court would deny the motion because Wayne Transports amended its crossclaim after the plaintiffs filed their motion. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course either twenty-one days after service or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading

4

or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). A motion for judgment on the pleadings becomes moot if the challenged pleading is amended. See, *e.g.*, Bloodworth v. United Credit Serv., Inc., Case No. 15-CV-0502, 2016 WL 7839149 (E.D. Wis. Feb. 16, 2016) (denying as moot motion for judgment on the pleadings due to the filing of an amended complaint); Marine Travelift Inc. v. ASCOM SpA, Case No. 14-C-443, 2015 WL 461549, at *3 (E.D. Wis. Feb. 3, 2015) (motion for judgment on the pleadings rendered moot when defendant withdrew the challenged affirmative defenses).

A crossclaim requires a responsive pleading, so Wayne Transports had until twenty-one days after service of the answer to the crossclaim (or a motion to dismiss the crossclaim) to amend its crossclaim as a matter of course. When Wayne Transports amended its crossclaim on July 16, 2025, True North had not filed an answer or responsive pleading (presumably due to the pending motion for judgment on the pleadings). Because True North had not yet responded to the crossclaim, Wayne Transports was able to amend its crossclaim as a matter of course. That amendment would moot the motion for judgment on the pleadings had the motion been timely filed.

### III. Conclusion

The court **DENIES** the plaintiffs' motion for judgment on the pleadings. Dkt. No. 36.

5

Because all parties have appeared and answered the complaint and there are no other motions challenging the pleadings, the court will issue a separate order setting a scheduling conference.

Dated in Milwaukee, Wisconsin this 1st day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**